**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Century Forest Products, Inc.,** | ) | **Case No. 09-10016** |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| **Century Forest Products, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Pro. No. 09-02080** |
| | ) | |
| **Mouldings To Go, Corp.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER AND OPINION DENYING MOTION**
**FOR DEFAULT JUDGMENT AND**
**ABSTAINING FROM EXERCISING JURISDICTION**

This adversary proceeding came on before the court upon Century Forest Products, Inc.'s Motion for Entry of Default and Default Judgment. Having reviewed the pleadings and other matters of record, the court has determined, for the reasons set forth below, that it will deny the Motion for Entry of Default and Default Judgment and exercise its discretion to abstain from hearing this adversary proceeding.

**Background**

Century Forest Products, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 6, 2009.  On July 27, 2009, the Debtor filed this adversary proceeding against Mouldings To Go, Corp. (the "Defendant"), a Florida corporation. The Defendant was not listed as a creditor in the bankruptcy proceeding and did not file a proof

of claim.  In the complaint, the Debtor seeks to recover a prepetition account receivable from the Defendant in the amount of $1,424.95.  The Complaint includes an allegation that the adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157.  The Defendant was served at its address in Pompano Beach, Florida.  The Defendant did not file an answer or other responsive pleading in this adversary proceeding, and on September 24, 2009, the Debtor filed the present motion.

## Jurisdiction

Pursuant to 28 U.S.C. § 1334, district courts have "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b).  Districts courts may refer such cases or proceedings to the bankruptcy court, and bankruptcy courts may hear and determine all cases under title 11 and core proceedings arising under or arising in a case under title 11.  28 U.S.C. § 157(a) and (b).  Those proceedings that are merely related to a case under title 11 are non-core for which the bankruptcy court may not enter a final order or judgment absent the consent of all the parties.  28 U.S.C. § 157(c).  Section 157(b)(2) provides a non-exclusive list of core proceedings.  While the distinction between core and non-core remains unclear under certain circumstances, the Fourth Circuit has determined that proceedings to collect accounts receivable, when arising prepetition and grounded in state law, must be treated as non-core.  *In re Apex Exp. Corp.*, 190 F.3d 624, 631-32 (4th Cir. 1999). Here, the Trustee seeks to recover the sum of $1,424.95 on account for goods and services provided to the Defendant by the Debtor prepetition.  Accordingly, the court has jurisdiction over the instant proceeding by virtue of the fact that it is non-core and "related to" the

2

bankruptcy case.  28 U.S.C. §§ 1334(b) and 157(c).

## Venue

Venue in bankruptcy cases is governed by 28 U.S.C. § 1409 which provides, in pertinent part, as follows:

> (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
>
> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,100 or a consumer debt of less than $16,425, or a debt (excluding a consumer debt) against a noninsider of less than $10,950, only in the district court for the district in which the defendant resides.

28 U.S.C. § 1409(a) and (b).[1]  This section establishes venue in the district court where the bankruptcy case is pending for three distinct types of proceedings as follows: (1) proceedings arising under title 11, (2) proceedings arising in a case under title 11, and (3) proceedings related to a case under title 11.  The monetary limitations narrowing venue set forth in § 1409(b) apply only to proceedings arising in or related to the bankruptcy case.  This proceeding, which is related to a case under title 11, is to recover a debt against a noninsider of less than $10,950.00, and the Defendant does not reside in this district.  Consequently, venue is not proper; nevertheless, as the Defendant did not raise improper venue as a defense in a preliminary motion or first responsive pleading, it is waived.  *See* Fed. R. Bankr. P. 7012; *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("A defendant, properly served with process by a court having subject

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended § 1409(b) to include the provision regarding proceedings to recover a debt against noninsiders of less than $10,950.00.

matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default.") (citations omitted).

### Discretionary Abstention

Section 1334(c)(1) sets forth the criteria for deciding when to exercise discretionary abstention. In particular, a court may abstain from exercising jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).  Discretionary abstention may be raised by the court *sua sponte.  In re Gober,* 100 F.3d 1195, 1207 n. 10 (5th Cir. 1996)*; Bricker v. Martin*, 348 B.R. 28, 33-34 (W.D. Pa. 2006)*; Scherer v. Carroll,* 150 B.R. 549, 552 (D.Vt. 1993); *In re Encompass Services Corp.*, 337 B.R. 864, 877-78 (Bankr. S.D. Tex. 2006); *In re Best Reception Systems, Inc.*, 220 B.R. 932, 952 (Bankr. E.D. Tenn. 1998).  Bankruptcy courts have broad discretion when determining whether to abstain. *Bricker v. Martin*, 348 B.R. at 33.

While § 1334(c)(1) does not set forth specific guidelines for determining whether abstention is in the interest of justice, courts have considered various factors including: (1) efficiency in the administration of the debtor's estate; (2) the extent to which state issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled questions of state law; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in

bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) whether non-debtor parties are involved in the proceeding. *Blanton v. IMN Financial Corp.*, 260 B.R. 257, 265 (M.D.N.C. 2001); *In re Jacobs*, 401 B.R. 202, 207-208 (Bankr. D. Md. 2008); *In re Mercer's Enterprises, Inc.*, 387 B.R. 681, 684 (Bankr. E.D.N.C. 2008); *In re Salinas*, 353 B.R. 124, 128 (Bankr. D.S.C. 2006).  These factors are not exclusive. *In re Lowenbraun*, 313 B.R. 408, 413 (Bankr. W.D. Ky. 2004); *In re Denton County Elec. Co-op., Inc.*, 281 B.R. 876, 881 (Bankr. N.D. Tex. 2002)

The court has carefully considered the factors set forth above in the context of the present case and finds that factors 2, 5, 6, 7, and 12 weigh in favor of abstention while the remaining factors are either neutral or weigh marginally against abstention.  This court has no jurisdictional basis over this adversary proceeding absent 28 U.S.C. § 1334, and it involves purely state law issues.  It is a non-core proceeding for which this court cannot enter a final order or judgment absent the consent of all the parties.  Furthermore, the fact that the Defendant is a non-debtor party of the type that Congress specifically attempted to protect with 28 U.S.C. § 1409 weighs heavily in favor of abstention.

Based upon the foregoing, the Debtor's Motion for Entry of Default and Default Judgment is DENIED, and the court will exercise its discretion to abstain from hearing this adversary proceeding.

SO ORDERED.

# SERVICE LIST

Century Forest Products, Inc.
Plaintiff

Mouldings To Go Corp.
Defendant

Edwin Gatton
Attorney for Plaintiff

Michael D. West
U.S. Bankruptcy Administrator